IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PATRICIA ANN SANCHEZ,<br><br>Plaintiff,<br><br>vs.<br><br>NEBRASKA STATE LOTTERY and IOWA STATE LOTTERY,<br><br>Defendants. | 8:20CV127<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed her Complaint on March 31, 2020. (Filing 1.) She has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under [28 U.S.C. § 1915(e)(2)](28 U.S.C. § 1915(e)(2)).

## I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is incomprehensible. Plaintiff names as Defendants the Nebraska and Iowa Lotteries, The Aeillanah-Miracle Program, Power Ball, Power Play, Megaplier, Megamillions, QPick5, LICWAC, and Fujian Waoke Optical-Electronic Co., Ltd. (Filing 1 at CM/ECF pp. 1, 3.) Plaintiff makes no allegations against any of these Defendants; instead, she lists endless strings of numbers, letters, and words with no context whatsoever. (Filing 1 at CM/ECF pp. 2, 4, 6, 8, 10.) Plaintiff does not explain who any of the parties are, what they have allegedly done to her, what specific legal rights Plaintiff believes Defendants violated, or even what relief she seeks from Defendants.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (internal quotation marks and citations omitted). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

The court has carefully reviewed Plaintiff's Complaint, keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and

direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Complaints filed in federal court must also contain "a demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Here, Plaintiff's Complaint fails to meet the minimal pleading standard and does not specify the relief she seeks.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes her claims against Defendants. *Plaintiff should be mindful to clearly explain what Defendants did to her, when Defendants did it, how Defendants' actions harmed her, and what specific legal rights Plaintiff believes Defendants violated.* Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, her claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after she addresses the matters set forth in this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **May 4, 2020**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Plaintiff. If Plaintiff decides to file an amended complaint, Plaintiff must include all of the claims she wishes to pursue against all of the defendants she wishes to proceed against in the amended complaint. Plaintiff should be mindful to explain in her amended complaint what each defendant did to her, when each defendant did it, how each defendant's actions harmed her, and what specific legal rights Plaintiff believes each defendant violated. **Plaintiff is warned that an amended complaint will supersede, not supplement, her Complaint**.

2.      The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) in the event she files an amended complaint.

3.      The clerk of the court is directed to set a pro se case management deadline using the following text: **May 4, 2020**: amended complaint due.

Dated this 3rd day of April, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge